UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| AARON D.P. CHANDLER, | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 08-1158 (HHK) |
| v. | ) ) | |
| DISTRICT OF COLUMBIA, *et al.* | ) ) | |
| Defendants. | ) ) ) | |

**DEFENDANTS DISTRICT OF COLUMBIA AND OFFICER GREGORY JONES'
MOTION TO DISMISS**

Defendants District of Columbia ("District") and Metropolitan Police Department Officer Gregory Jones, by and through undersigned counsel and pursuant to Fed. R. Civ. P. 12, respectfully request that this Court dismiss this matter against them. As explained more fully in the accompanying Memorandum of Points and Authorities, Plaintiff has failed as a matter of law to state a claim upon which relief can be granted for the following reasons:

(1) Plaintiff has failed to comply with the applicable statute of limitations pertaining to his claims of false arrest, intentional infliction of emotional distress, assault and battery, and defamation;

(2) Plaintiff has failed to state a claim for violation of his Eighth Amendment rights;

(3) Plaintiff has failed to state a claim for violation of his Fifth Amendment rights; and

(4) Plaintiff lacks standing to obtain the requested injunctive relief.

Accordingly, Defendants respectfully request that the Court dismiss this matter against them.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

___/s/  Samuel C. Kaplan_____
SAMUEL C. KAPLAN (463350)
Assistant Deputy Attorney General

___/s/  Shana L. Frost_____
SHANA L. FROST (458021)
Assistant Attorney General
441 4th Street, NW, 6th Floor South
Washington, DC 20001
(202) 724-6534
Fax:  (202) 727-3625
shana.frost@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AARON D.P. CHANDLER, ) | |
| ) | |
| Plaintiff, ) | C.A. No. 08-1158 (HHK) |
| v. ) | |
| ) | |
| DISTRICT OF COLUMBIA, *et al.* ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS DISTRICT OF COLUMBIA AND OFFICER GREGORY JONES'
MOTION TO DISMISS**

Defendants District of Columbia ("District") and Metropolitan Police Department Officer Gregory Jones, by and through undersigned counsel and pursuant to Fed. R. Civ. P. 12, respectfully request that this Court dismiss this matter against them. As explained more fully in the accompanying Memorandum of Points and Authorities, Plaintiff has failed to comply with the applicable statute of limitations for his common law claims, and has failed as a matter of law to state a claim upon which relief can be granted for his federal claims under 42 U.S.C. § 1983 for violation of his Fifth and Eighth Amendment rights. Additionally, Plaintiff lacks standing for his claims of injunctive relief. Thus, Defendants are entitled to judgment in their favor.[1]

### I. PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff filed the above-captioned matter in the Superior Court of the District of Columbia on June 3, 2008, against the District of Columbia, Officer Gregory Jones, and various John Doe officers. Plaintiff's Complaint describes, in a somewhat confusing

---

[1] The only claim which Defendants do not seek to dismiss at this juncture is the Fourth Amendment claim against Officer Jones and the "John Doe" officers.

manner, a variety of contacts between his associates and him and Officer Jones.[2] Plaintiff first notes that he witnessed Officer Jones stop a friend of Plaintiff's for allegedly talking on a cell phone while driving, but avers that the friend was released after Officer Jones spoke with Plaintiff's father. Compl. ¶¶ 18-25. Plaintiff also states that Officer Jones "confronted [Plaintiff], his brother, and some of their friends on numerous occasions after this incident." Compl. ¶ 28. Plaintiff then details an incident allegedly occurring on April 15, 2007, where Plaintiff was cited by Officer Jones for declining to submit to a field sobriety or breathalyzer test. Compl. ¶¶ 29-48.

The crux of Plaintiff's current allegations pertaining to Officer Jones in the above-captioned matter, however, involve Plaintiff's arrest on May 31, 2007.[3] Plaintiff alleges that his friend Jamitriace Hawkins and he were parked in the vicinity of Dupont Circle when they observed Officer Jones drive by them. Compl. ¶¶ 51-55. Plaintiff and Ms. Hawkins exited the car and walked about a block before they were stopped by Officer Jones, who allegedly accused Plaintiff of driving without a license. Compl. ¶¶ 56-57. Plaintiff asserts that Officer Jones also falsely accused Plaintiff of filing a complaint against him. Compl. ¶ 58.

Plaintiff asserts that Officer Jones asked him for his driver's license, and Plaintiff complied. Compl. ¶¶ 59-60. Plaintiff claims that although he heard the police dispatcher state that Plaintiff's license was not suspended, Officer Jones informed Plaintiff that he

---

[2] Plaintiff's Complaint is confusing in that in various places he refers to "Plaintiff" as someone other than himself. *See* ¶¶ 36, 39, 52, 54, 55, 56, 58, 62, 63, 65, 68 and 70. Plaintiff also randomly refers to himself with feminine pronouns throughout the Complaint, and at one point refers to a "David" Chandler without identifying who this individual is or how he is relevant to Plaintiff's claims in this lawsuit.

[3] Plaintiff devotes a large amount of space to describing an incident that allegedly took place between his friend Ms. Hawkins and officials from the Washington Metropolitan Transportation Authority, where Ms. Hawkins was apparently accused of abusing her authority as a Metro Transit officer and terminated from her position. *See* Compl. ¶¶ 72-88. These allegations bear no relevance to Plaintiff or his contentions in this lawsuit.

was being arrested for driving with a suspended license. Compl. ¶¶ 60-61. Plaintiff was taken to the Third District station where he was held that evening. While Plaintiff claims that "[t]he on-duty officer at the police station refused to sign off on Jones' arrest" of him, Compl. ¶ 89, Plaintiff also seems to allege that the arrest was processed, given that someone posted collateral for Plaintiff's release that evening. Compl. ¶ 101. Plaintiff alleges that he was released at approximately 7:00 a.m. the morning after he was arrested. Compl. ¶ 103.

Plaintiff's Complaint includes claims of violation of the Fourth Amendment against the officers only (Count I), and claims of false arrest (Counts II and IX), intentional infliction of emotional distress (Counts III and X), violation of the Fifth Amendment (Counts IV and VII), violation of the Eighth Amendment (Counts V and VIII), and assault and battery (Counts VI and XI) against the District and the officers. Although not labeled as separate counts, Plaintiff also appears to attempt to assert claims for libel and slander. *See* Compl. ¶¶ 112-123. On July 1, 2008, the District removed this matter from the Superior Court to this Court.

## II.   STANDARD OF REVIEW

In examining a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly,* 550 U.S. __, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007). While a court "must not make any judgment about the probability of the plaintiff's success," *Aktieselskabet AF 21 November 2001 v. Fame Jeans, Inc.*, 2008 U.S. App. LEXIS 9627, * 20 (D.C. Cir. Apr. 29, 2008), bare conclusions of law, or sweeping

3

and unwarranted averments of fact, will not be deemed admitted for purposes of a motion under Rule 12(b)(6). *Haynesworth v. Miller*, 820 F.2d 1245, 1254 (1987). Indeed, the court need not accept inferences drawn by Plaintiff if such inferences are unsupported by the facts set out in the complaint, "[n]or must the court accept legal conclusions cast in the form of factual allegations." *Kowal v. MCI Communications* Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994).

### III. ARGUMENT

#### A. Plaintiff Has Failed to Comply with the Applicable Statute of Limitations

Plaintiffs' claims of false arrest, intentional infliction of emotional distress, assault and battery, and, to the extent he actually asserts them, libel and slander, must be dismissed as Plaintiff has failed to comply with the applicable statute of limitations.

Plaintiff alleges that the incident that forms the basis for this lawsuit occurred on May 31, 2007. Compl. ¶ 15. Examining the facts set forth in Plaintiff's Complaint, the last possible date Plaintiff's claims would have begun to accrue would have been the day he was released, which allegedly was on June 1, 2007. Plaintiff did not file his Complaint in this matter until June 3, 2008, one day after the expiration of the one-year statute of limitations provided "for *libel, slander, assault, battery*, mayhem, wounding, malicious prosecution, *false arrest* or false imprisonment." D.C. Code § 12-301(4) (emphasis added).[4] Thus, Plaintiff's claims for assault and battery, false arrest, libel, and slander are procedurally untimely as they have been asserted past the one-year statute of limitations. *See National R.R. Passenger Corp. v. Krouse,* 627 A.2d 489 (D.C. 1993) (for

---

[4] May 31, 2008 fell on a Saturday. Thus, the next business day on which the Clerk's Office was open was Monday, June 2, 2008. *See* SCR-Civil 6(a). Whether Plaintiff's claims began to run on May 31, 2007 or June 1, 2007, the last day for Plaintiff to file his common law claims was June 2, 2008.

4

torts, cause of action accrues for statute of limitations purposes at the time the allegedly tortious act is committed). Accordingly, the Court should dismiss Counts VI and XI (Assault and Battery) and Counts II and IX (False Arrest), as well as any unnumbered counts for libel and slander.

Plaintiff's claim for intentional infliction of emotional distress should also be dismissed under the one-year statute of limitations. The District of Columbia Court of Appeals has noted that "in certain cases where intentional infliction of emotional distress was included among a number of alleged torts, the one-year statute of limitation has been applied where the nature of the action rested on the other torts and the emotional distress aspect of the claim was essentially an outgrowth of the other pleaded torts." *Saunders v. Nemati*, 580 A.2d 660, 662 (D.C. 1990).

The U.S. Court of Appeals for the District of Columbia Circuit has also followed this approach. In *Hunter v. District of Columbia*, 943 F.2d 69 (D.C. Cir. 1991), the plaintiff alleged excessive force by the police and sued the District and two MPD officers for constitutional claims, as well as common law claims for assault and battery, intentional infliction of emotional distress, and negligent hiring and training. The Circuit Court affirmed the District Court's application of the one-year statute of limitations to a claim for intentional infliction of emotional distress as the plaintiff's "complaint did not allege any facts suggesting that the defendants intentionally caused him emotional distress by conduct 'independent' of the alleged assault and battery." *Id.* at 72.[5]

---

[5] *See also Hanoch Tel-Oren v. Libyan Arab Republic*, 517 F. Supp. 542, 550 (D.D.C. 1981), *aff'd on other grounds*, 726 F.2d 774 (D.C. Cir. 1984), *cert. denied*, 470 U.S. 1003 (1985) (Court granted motion to dismiss plaintiff's claims of "assault, battery, false imprisonment, intentional infliction of emotional distress and/or intentional infliction of cruel, inhuman and degrading treatment," noting that "[c]learly, the torts alleged . . . are dependents of the same personal interests infringed by the intentional torts that would be subject in the District of Columbia to the one year limitation period.") *Thomas v. News World Communications*, 681 F. Supp. 55, 73 (D.D.C. 1988) (dismissing plaintiffs' claim for emotional distress as

5

Similarly, here, Plaintiff's claim for intentional infliction of emotional distress is inextricably intertwined with his one-year statute of limitations claims of assault and battery, false arrest, and libel and slander. In support of his false arrest claim, Plaintiff states that "[t]he Officers arrested plaintiff without probable cause to believe that plaintiff had committed or was about to commit a crime" and that "[t]he Officers had no good faith or reasonable belief that probable cause existed to arrest plaintiff." Compl. ¶¶ 127-128; *see also id.* ¶¶ 160-161. In support of his assault and battery claims, Plaintiff alleges that "in detaining, searching, touching and arresting plaintiff without probable cause to believe he had committed or was about to commit a crime, the Officers intentionally threatened or attempted o [sic] commit harmful, offensive and excessive contact on the plaintiff." Compl. ¶ 144; *see also id.* ¶ 177. Plaintiff's purported defamation claims allege that "Officer Jones made false statements maliciously, knowing that these statements were false when he made them, claiming that plaintiff was a criminal with a long criminal record" and that these statements were made public and damaged Plaintiff. Compl. ¶¶ 115-116.

Plaintiff's intentional infliction of emotional distress claim is a direct outgrowth of the intentional torts described above. Plaintiff alleges that, "[t]he Officers' conduct in (a) confronting and arresting plaintiff when they lacked probable cause to believe he had committed any crime, (b) retaliating against him to his [sic] critical comments y [sic] detaining him for hours after his bond had been posted, and (c) telling him that he would be released only if he sat down and be [sic] patient despite the fact that his collateral had already been tendered, was extreme and outrageous, and it was intentionally or recklessly

---

it was "completely dependent upon and 'intertwined' with their claims for libel, defamation, and assault and/or battery").

6

calculated to cause severe emotional distress." Compl. ¶ 131; *see also id.* ¶ 167. As Plaintiff's emotional distress claim is dependent upon the identical events that purportedly give rise to his one-year claims of false arrest, assault and battery, and defamation claims, it also is subject to the one-year statute of limitations and must therefore be dismissed as untimely. *Thomas*, 681 F. Supp. at 73.

### B. Plaintiff Has Failed to State a Claim for Violation of His Fifth Amendment Rights

Plaintiff attempts to allege that the "Officers" violated rights afforded to Plaintiff by the Fifth Amendment to the Constitution by asserting that the officers "required that [Plaintiff] either post and forfeit or remain incarcerated, even though they had no probable cause to believe that plaintiff had committed or was about to commit a crime." Compl. ¶ 134. Plaintiff further asserts that, "[b]ecause of the Officers' actions, [Plaintiff] now has an arrest record, which is likely to cause difficulty for him throughout his life." Compl. ¶ 136. Plaintiff states that the post and forfeit procedures were offered as "the only option for resolving [Plaintiff's] arrest with the intent to punish [Plaintiff] for voicing criticism of the police." Compl. ¶ 137. Finally, Plaintiff alleges that the "Officers' actions were specially calculated to ensure that their unlawful arrest would evade review, particularly because the Officers failed to inform [Plaintiff] of the 90-day window within which he could seek judicial review to his arrest." Compl. ¶ 138.

With respect to Plaintiff's claim that the District of Columbia violated Plaintiff's Fifth Amendment rights, Plaintiff asserts that the District "maintains a policy, custom or practice of offering post and forfeit to arrestees, without offering citation release," and that the post and forfeit option "is implemented at times when the department's officers have no expectation that criminal charges will be pressed against the arrestee, including

circumstances in which there is no probable cause that the arrestee committed the offense of disorderly conduct (or any other offense), in an attempt to avoid scrutiny for the officers['] unlawful arrests." Compl. ¶¶ 149-150. Plaintiff also alleges that the District fails to adequately train its officers on the post and forfeit procedure. Compl. ¶¶ 151-154.

Plaintiff has not articulated whether he is attempting to assert a procedural due process claim or a substantive due process claim. Regardless, Plaintiff fails under either theory.

### 1. Plaintiff Has Failed to Assert a Procedural Due Process Claim

To state a claim for violation of procedural due process, Plaintiff must show an "entitlement:"

> It is clear that state law which generates a legitimate claim of entitlement can create an interest the deprivation of which triggers application of the Due Process Clause. It is equally clear, however, that state-created *procedures* do not create such an entitlement where none would otherwise exist. "Process is not an end in itself. Its constitutional purpose is to protect a substantive interest to which the individual has a legitimate claim of entitlement."

*Doe by Fein v. District of Columbia*, 93 F.3d 861, 868 (D.C. Cir. 1996) (*per curiam*) (emphasis in original) (*quoting Olim v. Wakinekona*, 461 U.S. 238, 250–51 (1983) (further citations omitted)). Plaintiff's argument in essence is that at the time he was offered the choice of posting and forfeiting, he should also have been offered citation release. Plaintiff has not established any such entitlement.

The post and forfeit statute permits individuals "charged with certain misdemeanors [to] simultaneously post and forfeit an amount as collateral (which otherwise would serve as security upon release to ensure the arrestee's appearance at trial) and thereby obtain a full and final resolution of the criminal charge." D.C. Code § 5-335.01(a). The statute expressly states that "using the post-and-forfeit procedure is

8

not a conviction of a crime and shall not be equated to a criminal conviction" and that "[t]he fact that a person resolved a charge using the post-and-forfeit procedure may not be relied upon by any court of the District of Columbia or any agency of the District of Columbia in any subsequent criminal, civil, or administrative proceeding or administrative action to impose any sanction, penalty, enhanced sentence, or civil disability." *Id.* § 5-335.01(b).

The citation release provisions of the D.C. Code make an offer of citation release available for certain types of offenses but leave the decision whether to make the offer within the discretion of authorized individuals.[6] The law plainly does not give any entitlement to plaintiff to be offered citation release. Instead, it simply permits an officer to offer this option.

Plaintiff also is legally incorrect in his assertion that the post and forfeit procedure is the only option available to Plaintiff to redress his false arrest. In addition to the civil claim that Plaintiff has already brought, Plaintiff was free to challenge his arrest by pleading not guilty. Additionally, even if Plaintiff took advantage of the opportunity to post and forfeit and then later changed his mind, Plaintiff was free to move to set aside the forfeiture and proceed with the criminal case. If local government "makes ordinary judicial process available to respondent for resolving its . . . dispute, that process is due process." *Lujan v. G & G Fire Sprinklers, Inc.*, 532 U.S. 189, 197 (2001) (unanimous decision). Here, Plaintiff had procedures available to him to redress his arrest.

---

[6] *See* D.C. Code § 23-1110(b)(2): "Whenever a person is arrested without a warrant for committing a misdemeanor and is booked and processed pursuant to law, an official of the Metropolitan Police Department designated under subsection (a) of this section to act as a clerk of the Superior Court *may* issue a citation to him for an appearance in court or at some other designated place, and release him from custody." (emphasis added).

9

Plaintiff's claim that the post and forfeiture procedure is used to hide an unjustified arrest is without merit. Plaintiff's assertion that his arrest was false because his license was not in fact suspended is in reality no different that a person arrested for cocaine possession claiming that the cocaine found was not his, or a person arrested for homicide claiming that he was not the killer: each person in these scenarios believes that he is being wrongfully charged with a crime. The important difference is that a person arrested for not having a valid permit has the option to post and forfeit collateral if he chooses and thereby just to be left with an arrest, whereas the individuals arrested for the more serious crimes must either defend the charges or plead guilty. Each has the opportunity to use the criminal process to defend against a purportedly illegal arrest, under the post-and-forfeit scenario a person need not take part in the prosecutorial process.

Finally, Plaintiff's contention that he was not informed of the 90-day period in which he could set aside the forfeiture is unavailing. Not only can Plaintiff not plead his own ignorance of the law as an excuse for Defendants' liability as it is Plaintiff's responsibility to be familiar with his own rights, but the form used by the police department to actually post and forfeit includes a statement that the arrestee may seek to set aside the forfeiture within 90-days. D.C. Code § 5-335.01(c)-(d). Even if Plaintiff can claim a procedural defect in the failure to inform him of the procedure to set aside the forfeiture, such a failure to follow procedure cannot be construed as a constitutional violation. *See Brandon v. District of Columbia*, 823 F.2d 644, 649 (D.C. Cir. 1987) (state does not violate individual's due process rights by deviating from its own procedures).

10

### 2. Plaintiff Has Failed to Assert a Substantive Due Process Claim

To state a claim for a substantive due process violation, Plaintiff must show deprivation of life, liberty or property by the government in such a manner that is "'so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.'" *Butera v. District of Columbia*, 235 F.3d 637 (D.C. Cir. 2001) (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 847 n.8 (1998)). "This stringent requirement exists to differentiate substantive due process, which is intended only to protect against arbitrary government action, from local tort law." *Id.* A governmental action that offers a benefit to an individual – the opportunity to handle a criminal charge administratively and avoid any finding of guilt, as opposed to be forced to either plead guilty or stand trial – does not shock the conscience. Moreover, as noted, there was no requirement that Plaintiff post and forfeit. Plaintiff could have challenged his arrest by pleading not guilty, or have even moved to set aside the forfieture. Put simply, Plaintiff cannot claim that the post and forfeit procedure, in and of itself, violates any substantive due process rights to which Plaintiff may be entitled.

With respect to Plaintiff's assertion that the District of Columbia has violated Plaintiff's Fifth Amendment rights by failing to train officers properly on the use of the post-and-forfeiture process, Compl. ¶¶ 151-152, Plaintiff fails to explain how the alleged lack of training caused a violation of his rights, or what the failure to train claim adds to his general allegation that the post and forfeit procedure is unconstitutional. Instead, Plaintiff takes issue with the procedure generally, not that the officers did not properly use the process or were somehow uninformed of its use. Moreover, Plaintiff's allegation that post and forfeit is used "as a form of punishment," Compl. ¶ 152, is legally incorrect.

11

The statute governing post and forfeit expressly states that the post-and-forfeit process is not intended to be any type of punishment, but an administrative resolution of the criminal charge.  *See* D.C. Code § 5-335.01(b).  In addition, as discussed *supra*, Plaintiff always has the option of declining the post-and-forfeit procedure.

Finally, to the extent that Plaintiff bases his due process claim on his allegation that he was arrested and detained without probable cause, Plaintiff's claim is more appropriately analyzed under the Fourth Amendment.  In *Albright v. Oliver,* 510 U.S. 266 (1994), the Supreme Court found that petitioner's incarceration, based on an arrest pursuant to a warrant obtained without probable cause, did not violate his substantive due process rights but implicated those under the Fourth Amendment, if any.  In his concurring opinion, Justice Souter concluded that substantive due process should be reserved for "otherwise homeless substantial claims," and should not be relied upon when doing so would duplicate protection that a more specific constitutional provision already bestows.  *Albright,* 510 U.S. at 288-89.  Thus, Plaintiff's claim that he was arrested without probable cause is more properly analyzed under the Fourth Amendment, and not the Fifth Amendment.

### C. Plaintiff has Failed to State a Claim for Violation of His Eighth Amendment Rights

Plaintiff asserts that the his right to be free from excessive bail and fines pursuant to the Eighth Amendment was violated as the officers "required" him to post and forfeit collateral or remain incarcerated without probable cause.  Compl. ¶¶ 140-142; 158.  Plaintiff's assertion fails as a matter of law as (1) the Eighth Amendment Excessive Fine

Clause does not apply; and (2) even if the amount Plaintiff posted and forfeited were deemed a fine, it is not excessive.[7]

The Eighth Amendment provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted." The Supreme Court has interpreted "fine" to "mean a payment to a sovereign as punishment for some offense." *Browning-Ferris Industries of Vermont, Inc. v. Kelco Disposal, Inc.*, 492 U.S. 257, 265 (1989). Therefore, protections against excessive fines only limits the ability of the government "to extract payments, whether in cash or in kind, 'as *punishment* for some offense.'" *Austin v. United States,* 509 U.S. 602, 609-10 (1993) (quoting *Browning-Ferris*, 492 U.S. at 265) (emphasis in original). Here, the post-and-forfeiture statute expressly states that "[t]he resolution of a criminal charge using the post-and-forfeit procedure is not a conviction of a crime and shall not be equated to a criminal conviction." D.C. Code § 5-335.01(b). Thus, the statute does not create a punishment, but permits an administrative resolution of the charge without proceeding any further than an arrest. In addition, individuals are never required to use the procedure and can contest the charges.

Further, the monetary amount at issue could not under any circumstances be viewed as excessive. Although Plaintiff does not state the amount of his fine, Plaintiff was arrested for driving without a permit. Compl. ¶ 61. The collateral amount for this charge is $75. To arrive at a judgment of excessiveness, the Court must apply "the

---

[7] Plaintiff's claim that the post-and-forfeit procedures result in excessive bail under the Eighth Amendment is patently without merit. The purpose of bail – and the test for whether bail is excessive – is whether the amount imposed is adequate to ensure the defendant's presence when required. *See, e.g. United States v. Bobrow,* 468 F.2d 124 (D.C. Cir. 1972). Because the act of posting and forfeiting administratively disposes of the entire matter, the posting of collateral is not intended to secure the arrestee's further appearance, and thus the collateral does not act as "bail."

13

principle of proportionality: The amount of the forfeiture must bear some relationship to the gravity of the offense that it is designed to punish." *United States v. Bajakajian,* 524 U.S. 321, 334 (1998) (citing *Austin,* 509 U.S. at 622-23). Specifically, "a punitive forfeiture violates the Excessive Fines Clause if it is grossly disproportionate to the gravity of a defendant's offense." *Id.* Here, Plaintiff paid $ 75. Plaintiff was arrested for driving with a suspended permit, which carries a maximum penalty of $5000 and one year imprisonment. See D.C. Code § 50-1403.01(e). Plaintiff can thus not allege that the collateral payment was even disproportionate – let alone grossly disproportionate – to the gravity of his offense. Thus, Plaintiff has failed to state a claim under the Eighth Amendment.

### D.  Plaintiff Has Failed to State a Claim for Injunctive Relief

In his prayer for relief, Plaintiff asks the Court to:

enter judgment imposing injunctive relief that (1) bars the District of Columbia from incarcerating arrestees who are eligible for citation release or post and forfeit, but who lack funds to post collateral, (2) requires the District of Columbia to offer citation release, as well as post and forfeit, to arrestees who are eligible for both, (3) requires that the District of Columbia train and supervise police officers in the proper use of citation release and post and forfeit; and (4) requires that the District of Columbia immediately release any arrestee who had posted requisite bail, bond, or collateral . . .

Compl. at 25. Plaintiff lacks standing to assert this claim.

In order to have standing to assert this claim, Plaintiff must demonstrate an actual case or controversy for each remedy Plaintiff seeks. *City of Los Angeles v. Lyons,* 461 U.S. 95, 101 (1983). In the *Lyons* case, Plaintiff alleged that police officers injured him by using a chokehold on him without justification during a traffic stop. Plaintiff claimed that city policy permitted the routine use of chokeholds in situations where the officers

14

were not threatened with deadly force, and sought an injunction to prevent the future use of chokeholds in situations where police were not threatened with deadly force.  In determining that Lyons did not demonstrate a "real and immediate" injury or threat of injury, the Court observed that while Lyons may have been subjected to a chokehold in the past, that allegation "does nothing to establish a real and immediate threat that he would again be stopped for a traffic violation, or any other offense, by an officer or officers who would illegally choke him into unconsciousness without any provocation or resistance on his part." *Lyons,* 461 U.S. at 105.  The Court further found that the plaintiff's "additional allegation in the complaint that the police in Los Angeles routinely apply chokeholds in situations were they are not threatened by the use of deadly force falls far short of the allegations that would be necessary to establish a case or controversy between these parties." *Id.*

       Similarly, the fact that Plaintiff was allegedly subject to a purported misuse of the post-and-forfeit process cannot create a case or controversy as Plaintiff has not alleged that he is danger of being subjected to any post-and-forfeiture abuse in the immediate future.  "Abstract injury is not enough" and "'[past] exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects.'"  *Lyons,* 461 U.S. at 101, 102 (quoting *O'Shea v. Littleton,* 414 U.S. 488, 495-96 (1974)).  Thus, Plaintiff has failed to allege an actual case or controversy that would entitle him to the  injunctive relief he seeks.

       Moreover, just as Plaintiff lacks standing to bring his own claim for injunctive relief, he similarly lacks standing to bring a claim on behalf of others.  *Wagshal v. Foster,*

28 F.3d 1249, 1251 (D.C. Cir. 1994) (citing *Lyons,* 461 U.S. at 108-09). Accordingly, to the extent Plaintiff asks that the Court enjoin the actions of the District with respect to others arrested, Plaintiff's request must be denied.

### IV.    CONCLUSION

For the reasons set forth above, the District and Officer Jones request that the this matter be dismissed against them, with the exception of the Fourth Amendment claim against Officer Jones.

        Respectfully submitted,

        PETER J. NICKLES
        Interim Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General
        Civil Litigation Division

        /s/  Samuel C. Kaplan
        SAMUEL C. KAPLAN (463350)
        Assistant Deputy Attorney General

        /s/  Shana L. Frost
        SHANA L. FROST (458021)
        Assistant Attorney General
        441 4th Street, NW, 6th Floor South
        Washington, DC 20001
        (202) 724-6534
        Fax:  (202) 727-3625
        shana.frost@dc.gov